USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-24-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MIGUEL MEJIAS,

                        Petitioner,                    13 Civ. 8362 (PKC) (GWG)

      -against-

                                                       MEMORANDUM AND
                                                          ORDER ADOPTING REPORT
                                                          AND RECOMMENDATION

GARY FILION,

                        Respondent.
-----------------------------------------------------------------x
P. KEVIN CASTEL, District Judge:

        Miguel Mejias, who is incarcerated at the Coxsackie Correctional Facility in Coxsackie, New York, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) On September 24, 2009, Mejias was sentenced to 15 years of imprisonment by the Supreme Court of the State of New York, New York County (Bonnie Wittner, J.), following a trial in which he was found guilty of one count of possession of a controlled substance in the first degree and one count of conspiracy in the second degree. (Docket # 1.) The petition asserts that Judge Wittner erred by not questioning individual jurors in camera after a juror note indicated that the jurors may have discussed the case's merits after the close of evidence but prior to the attorneys' closing summations. (Docket # 1.) According to Mejias, he was deprived of the Sixth Amendment's guarantee of a fair and impartial jury and of its guarantee of the effective assistance of counsel. (Docket # 5 at 13-20.)

        This Court referred the petition to Magistrate Judge Gabriel W. Gorenstein to hear and report. (Docket # 3.) On May 8, 2014, Magistrate Judge Gorenstein filed a Report and Recommendation (the "R&R"), which recommended that Mejias's petition be denied. (Docket # 15.) Mejias was represented by counsel at the time that he filed his petition and during the

Mailed to Petitioner 7-24-14

briefing of its merits. (Docket # 1, 2, 5, 14.) Now representing himself pro se, Mejias has filed objections to the R&R, which are dated July 10, 2014. (Docket # 18.) In a letter-brief dated July 23, 2014, counsel to the respondent argues that the Court should adopt the R&R. (Docket # 19.)

    The R&R carefully and thoroughly reviewed the history of Mejias's indictment and criminal trial. (R&R at 1-4.) Along with four co-defendants, Mejias was indicted on one count of criminal possession of a controlled substance in the first degree, N.Y. Penal L. § 220.21(1), and one count conspiracy in the second degree, N.Y. Penal L. § 105.15. (R&R at 1; Docket # 9, Ex. 3.) The five defendants were alleged to have participated in a narcotics-trafficking organization that transferred 400 pounds of cocaine from California to New York. (R&R at 2 (quoting People v. Mejias, 21 N.Y.3d 73, 76-77 (2013).) They were tried jointly. (R&R at 1-2.)

    After the close of evidence but prior to the start of summations, a juror addressed a note to Judge Wittner, requesting additional information as to the circumstances in which one of the co-defendants met Mejias. (Trial Tr. at 1332; R&R at 3.) The note stated that "[w]e want to know how/when and under what pretext" Mejias met the co-defendant, which Mejias's counsel argued indicated that the jurors had discussed the matter as a group. (Trial Tr. at 1332; R&R at 3.) Judge Wittner thereafter made the following statement to the jury as a whole:

> I assume even though the first word is, "We," that everyone has been following my instructions and not discussing anything about the trial amongst yourselves, or with any third-party. If that's not the case, and there is anyone who has started discussing the evidence, could you please raise your hand?

(Trial. Tr. at 1339.) Judge Wittner stated, "Just to be clear, no one raised their hands, have talked about the case amongst themselves, or with anyone else." (Trial Tr. at 1341; R&R at 4.) She reminded the jury not to discuss the case until she delivered the final instructions on the law, and

directed the parties to proceed with summations. (Trial Tr. at 1340; R&R at 4.) The following day, the jury returned a verdict, and found Mejias guilty on both counts. (Trial Tr. at 1558-59; R&R at 4.)

Mejias directly appealed the verdict, and the Appellate Division and the New York Court of Appeals both affirmed. People v. Lantigua, 86 A.D.3d 429 (1st Dep't 2011), aff'd, People v. Mejias, 21 N.Y.3d 73, 76-77 (2013). Chief Judge Jonathan Lippman dissented, and argued that New York law required in camera questioning as to any potential juror misconduct. 21 N.Y.3d at 80-85. On appeal, Mejias argued that the trial court erred by not removing the juror who addressed the note to the trial judge and by not questioning the juror individually. (R&R at 4-5.) Mejias's direct appeal relied exclusively on New York law. (R&R at 5-6.)

After noting Mejias's apparent failure to exhaust his claims in his New York state direct appeals, Magistrate Judge Gorenstein assumed arguendo that the Petition was properly exhausted, then proceeded to conclude that the Petition "plainly fails on the merits." (R&R at 11.) The R&R concluded that there was no clearly established federal law, as determined by the Supreme Court of the United States, that required the removal of the juror or the juror's individual questioning. (R&R at 11.) The R&R noted that the four Supreme Court authorities cited by Mejias did not directly address the issues raised in the habeas petition. (R&R at 11.) "At best," Mejias relied on authority that involved the outside influence of a juror. (R&R at 11.) Magistrate Judge Gorenstein therefore recommended that the petition be denied. (R&R at 12.)

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court conducts a de novo review of the objections raised by Mejias. 28

3

U.S.C. § 636(b)(1)(C).  In order to establish his entitlement to federal habeas relief, Mejias must make a showing that the trial court's actions were contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.  See Williams v. Taylor, 529 U.S. 362, 402-13 (2000) (applying 28 U.S.C. § 2254(d)(1)).

In his objections to the R&R, Mejias has not cited clearly established federal law, as determined by the U.S. Supreme Court, that required the trial court to dismiss the juror who authored the note or to make a more individualized inquiry to that same juror.  The trial court asked the jury as a whole whether they had discussed the case, and reminded the jurors of their obligation not to do so until the close of evidence.  (Trial Tr. at 1339-40.)  Mejias's objections assert that the juror's note was prejudicial and indicated bias on the part of the jury, and therefore violated Mejias's right to due process.  (Objections at 4-6.)  But the note itself was vague as to whether any discussion had even occurred between the jurors: in stating that "[w]e want to know" further information, the juror may have been making an assumption concerning the other members of the jury.  (Trial Tr. at 1332.)  When questioned as a group by the trial court, no jurors indicated that they had discussed the case.  (Trial Tr. at 1339-40.)  As Magistrate Judge Gorenstein concluded, Mejias has cited no authority to support the proposition that individual questioning was required of the note's author, or that this juror's dismissal was required.

Mejias also contends that the R&R should not be adopted because Magistrate Judge Gorenstein did not consider whether habeas relief was warranted pursuant to 28 U.S.C. § 2254(d)(2).  (Objections at 2.)  That subsection applies when a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Id.  The Second Circuit has described the standard for obtaining relief under subsection 2254(d)(2) as follows:

4

> The Supreme Court has made clear that a "state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, 301 (2010). Where "[r]easonable minds reviewing the record might disagree" as to the relevant finding, that is not sufficient to supplant the state court's factual determination. Rice v. Collins, 546 U.S. 333, 341-42 (2006). Nevertheless, the state court's finding might represent an "unreasonable determination of the facts" where, for example, reasonable minds could not disagree that the trial court misapprehended or misstated material aspects of the record in making its finding, see Wiggins v. Smith, 539 U.S. 510, 528 (2003), or where the court ignored highly probative and material evidence, see Miller-El v. Cockrell, 537 U.S. 322, 346 (2003).

Cardoza v. Rock, 731 F.3d 169, 177-78 (2d Cir. 2013). While Mejias does not identify a factual determination that he believes the trial court decided erroneously, presumably he means to challenge its implied conclusion that the jurors did not discuss the case with one another. In light of the trial court's question to the jury as a whole, and the jurors' responses, that the trial court's conclusion would not be unreasonable under section 2254(d)(2).

CONCLUSION

The R&R is adopted in its entirety. The Clerk is directed to close the case and enter judgment for the respondent.

Mejias has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Blackman v. Ercole, 661 F.3d 161, 163-64 (2d Cir. 2011). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

5

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:   New York, New York
         July 24, 2014